IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER J.D. MOFFETT,

    Plaintiff,

v.

MICHAEL DITTMANN, ET AL.,

    Defendants.

ORDER

Case No. 20-cv-9-wmc

---

WALTER J.D. MOFFETT,

    Plaintiff,

v.

SGT. HAAG, ET AL.,

    Defendants.

ORDER

Case No. 20-cv-16-wmc

---

WALTER J.D. MOFFETT,

    Plaintiff,

v.

MICHAEL A. DITTMAN, ET AL.,

    Defendants.

ORDER

Case No. 20-cv-21-wmc

---

Plaintiff Walter J.D. Moffett has submitted a certified inmate trust fund account statement for the six month period preceding the complaint in support of the pending motion to proceed without prepayment of the filing fee. Accordingly, the court must determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for filing the above captioned cases.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using

information for the relevant time period from plaintiff's trust fund account statement, I calculate plaintiff's initial partial filing fee to be $10.09 for each of the above captioned cases. For this case to proceed, plaintiff must submit this amount in each case on or before February 12, 2020.

ORDER

IT IS ORDERED that,

1. Plaintiff Walter J.D. Moffett is assessed $10.09 as an initial partial payment of the $350.00 fee for filing the above captioned cases. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $10.09 for each case or advise the court in writing why plaintiff is not able to submit the assessed amount on or before February 12, 2020. If plaintiff does not have enough money to make the initial partial payments from plaintiff's regular account, plaintiff should arrange with prison authorities to pay the remainder from plaintiff's release account.

2. If, by February 12, 2020, plaintiff fails to make the initial partial payments or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fees as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 22nd day of January, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge