IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER J.D. MOFFETT,

                Plaintiff,                      OPINION AND ORDER

v.

                                               20-cv-9-wmc

MICHAEL A. DITTMAN,
L. HART, ROSE, BRAD HOMPE,
C. O'DONNELL, ALICE ROGERS,
CYNTHIA NEUHAUSER, SUSANNA
CULBERTSON and JOHN DOE,

                Defendants.

*Pro se* plaintiff Walter Moffett, who currently is incarcerated at the Wisconsin Secure Program Facility ("WSPF") filed this lawsuit under 42 U.S.C. § 1983 for events that occurred in 2015 when he was incarcerated at Columbia Correctional Institution ("Columbia"). Moffett claims that nine Columbia officials violated his constitutional rights by withdrawing money from his inmate account or failing to take corrective action when he complained about those withdrawals. After review, the court concludes that plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted. However, before dismissing this lawsuit, the court will give plaintiff an opportunity to file an amended complaint that corrects the deficiencies described below.

## ALLEGATIONS OF FACT[1]

Plaintiff Walter Moffett seeks to proceed against the following Columbia employees: Warden Michael Dittman; inmate complaint examiners ("ICE") L. Hart, Rose, Brad Hompe and C. O'Donnell; business office employees Alice Rogers, Cynthia Neuhauser, Susanna Culbertson; and John Doe, a detective with the Columbia County Sheriff's Department.

On August 11, 2015, Moffett's attempt to send legal mail failed after his request for disbursement from his inmate account was denied for lack of funds. Moffett learned from defendant Rogers that all of the funds in his prisoner trust account had been sent to the state court for payment of a debt. Moffett told defendants Neuhauser and Culbertson that he had paid off his court debts in May or June of 2015, but they did not return the money to his account, despite him reporting that he needed the postage money to meet a court deadline.

Moffett claims that defendant John Doe, a detective, admitted that the confiscation of his money was an error. Moffett filed many inmate complaints about the confiscation of his money, to no avail. Among those who denied his inmate complaints were defendants Dittman, Hart, Hompe, Rose and O'Donnell.

## OPINION

The court understands plaintiff to be pursuing constitutional claims challenging the

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

withdrawal of money from his account.² The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To claim these protections, plaintiff must first allege a protected liberty or property interest at stake. *Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980). Here, plaintiff has an arguable property interest in the funds on deposit in his prison accounts. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Assuming that he can establish such a property interest in funds held in his inmate account, however, plaintiff must also demonstrate that the defendants have failed to afford him sufficient procedural protections from wrongful withholdings or deductions of those funds. *See Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). In the context of restitution orders, state corrections officials can generally enforce restitution orders provided that the underlying proceedings conform to the minimum requirements of procedural due process set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *Campbell v. Miller*, 787 F.2d 217, 224 (7th Cir. 1986).

On the facts alleged, plaintiff has no due process claim. To begin, plaintiff does not challenge the existence of the court debt in the first place, nor does he claim that payments should not have been made. Rather, he maintains that he paid off all his court debt, and that the August 2015 deductions were wrongful. Yet even if the deductions were improper, plaintiff cannot establish on the facts pleaded that any of the defendants denied him due process in continuing to make those deductions. *See Zinermon v. Burch*, 494 U.S. 113, 125

---

² Although plaintiff invokes the Fourth, Fifth and Eighth Amendments as well, plaintiff's only discernable claims in this lawsuit relate to the confiscation of his money and difficulty mailing legal documents, which implicate only his Fourteenth Amendment due process rights.

(1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*") (emphasis in original). Plaintiff's allegations indicate that he raised his concerns multiple times with the business office employees, and then pursued inmate complaints raising those same concerns. Although plaintiff is dissatisfied with outcome of those complaints, his inquiries and complaints establish that he received sufficient process to fulfill the requirements of the Fourteenth Amendment.

Moreover, plaintiff still had remedies under state law to address his concerns, even after he filed inmate complaints. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has

not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. Therefore, he has failed to state a viable due process claim.

Nor do plaintiff's allegations suggest a due process claim related to his ability to access the courts. To state a claim of denial of access to the courts, plaintiff would need to allege facts from which an inference can be drawn of "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). At a minimum, plaintiff would need to allege facts showing that the "blockage prevented him from litigating a nonfrivolous case." *Walters v. Edgar*, 163 F.3d 430, 433-34 (7th Cir. 1998); *see also Pratt v. Tarr*, 464 F.3d 730, 731–32 (7th Cir. 2006) (to state access to courts claim, plaintiff must allege that he was deprived of the ability to pursue "a legitimate challenge to a conviction, sentence, or prison conditions"). Plaintiff has not alleged that his inability to send legal documents for lack of postage actually impacted his ability to initiate a lawsuit or prosecute an ongoing matter. Therefore, defendants' alleged mishandling of his funds that prevented him from sending a legal document does not support an access to the court claim.

In any event, plaintiff's allegations as to defendants Dittman, Hart, Hompe, Rose and O'Donnell in particular do not support a § 1983 claim. These defendants' involvement was limited to denying plaintiff's inmate complaints challenging the withdrawal of money from his account. Yet ruling against a prisoner on an inmate complaint does not qualify as personal involvement in a constitutional violation, and it is not sufficient to state a claim. *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th

5

Cir. 2011) ("Prison grievances procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owen's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Because plaintiff does not allege that these defendants were otherwise involved in handling plaintiff's requests for medical attention, they will be dismissed from this lawsuit for lack of personal involvement.

Although the court is skeptical that plaintiff can save this lawsuit from dismissal, it is this circuit's practice to give *pro se* litigants an opportunity to amend before dismissing a case for failure to state a federal claim upon which relief can be granted. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will give plaintiff a brief window of time to submit a proposed amended complaint that addresses the deficiencies described above. Plaintiff should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. He should be sure to identify the specific defendants who are being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. As to his due process claim, plaintiff would need to allege facts suggesting that Wisconsin's certiorari process and tort remedies are not adequate post-deprivation procedures that would enable him to recover his unlawfully taken funds. As to his access to courts claim, if plaintiff cannot allege in good faith a specific harm he suffered because he was unable to mail documents related to his legal proceeding, this claim will not survive screening. After the court receives plaintiff's proposed amended complaint in this lawsuit, the court will screen his amended

complaint and determine whether this case may proceed further. If plaintiff does not file an amended complaint by the deadline set below, the court will dismiss this case with prejudice for failure to state a claim and record the dismissal as a strike under 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

ORDER

IT IS ORDERED that:

1) Plaintiff Walter Moffett's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **August 19, 2022,** to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause this court to dismiss his claims for failure to state a claim upon which relief will be granted.

Entered this 29th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge