IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER J.D. MOFFETT,

                Plaintiff,

v.

SUSANNA CULBERTSON,
ALICE ROGERS,
CYNTHIA NEUHAUSER, and
JOHN DOE,[1]

                Defendant.

OPINION and ORDER

20-cv-9-wmc[2]

---

    Pro se plaintiff and prisoner Walter Moffett claims defendants, three Columbia Correctional Institution employees and a John Doe detective, violated his constitutional rights in 2015 by withdrawing money from his inmate account or failing to take corrective action when he complained about those withdrawals. Previously the court dismissed the original complaint for failure to state a claim, giving Moffett the opportunity to amend his complaint. Dkt. 16. Moffett's amended complaint, Dkt. 17, does not support a constitutional claim either. So I am now dismissing this lawsuit for failure to state a claim.[3]

ALLEGATIONS OF FACT

    In August 2015, Moffett attempted to send legal mail to an attorney in Milwaukee, a

---

[1] In his amended complaint, Moffett reduced the number of defendants in this lawsuit, so I have modified the case caption.

[2] I am exercising jurisdiction over this case for purposes of this screening order only.

[3] I note that in April 2021 Moffett filed a letter expressing concern about his ability to litigate this case. Moffett did not request court intervention and he did not repeat those same concerns in his amended complaint or motion. Therefore, I will not take action on that letter.

state senator in Madison, and the United States District Court for the Eastern District of Wisconsin. The three packages were returned to Moffett due to insufficient funds to pay for the postage. Moffett learned from defendant Alice Rogers that the funds in his account had been sent to a state court for payment of a debt. But when Moffett told defendants Cynthia Neuhauser and Susanna Culbertson that he had paid off his court debts in May or June of 2015, neither defendant returned the money to his account.

Moffett filed inmate complaints about his money. One of Moffett's inmate complaints succeeded on appeal, and Moffett received some of his money back. Moffett also sought to press criminal charges against the Columbia County district attorney's office, which I infer is the office Moffett believed to be responsible for maintaining the court debt Moffett challenged. Defendant John Doe, a detective, investigated Moffett's claim. Doe admitted to Moffett that funds had improperly been deducted from Moffett's account to pay for a debt that no longer existed. When Moffett asked how Doe intended to correct the situation, Doe responded that there was not much he could do, and that he did not even know if Moffett's money would be returned.

Moffett says that because he was unable to send the packages, he missed a deadline to file an amended complaint and the possibility of recruitment of counsel. Moffett also lost the envelopes and had to redo paperwork.

ANALYSIS

Moffett claims that defendants' withdrawal of money from his account violated his constitutional rights to due process of law and access to the courts, as well as his state law rights, but his allegations do not support a federal claim.

2

As for his Fourteenth Amendment due process claim, the court previously concluded that Moffett has a property interest in funds in his account. But Moffett does not allege that the defendants failed to afford him sufficient procedural protections to remedy the wrongful deductions of those funds. Said differently, Moffett does not allege he could not challenge those deductions through the avenues available under the Wisconsin Department of Corrections' grievance process and Wisconsin law generally. His allegations show the opposite. Moffett raised his concerns directly to the business office employees, and then he pursued inmate complaints raising those same concerns, ultimately receiving a decision in his favor and the return of some of his funds. Moffett also filed a criminal charge that initiated an investigation. Although not all of his money was returned to him, Moffett still had multiple remedies under state law to address his remaining concerns. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property). These procedures satisfy the requirements of due process. Dkt. 16, at 4. Moffett does not say that he could not avail himself of the other methods to challenge or remedy the wrongful deductions; he focuses solely on the wrongful deductions and Doe's failure to do more. But Moffett does not allege that Doe or any other defendant prevented him from using the other avenues of relief available under the law. Therefore, Moffett fails to state a due process claim.

As for his access to the courts claim, the court previously concluded that Moffett failed to state an access to the courts claim because he had not alleged that the lack of postage affected his ability to initiate a lawsuit or litigate an ongoing matter. Moffett now alleges that he missed a deadline to amend his complaint and could not request recruitment of counsel. But the loss

of an opportunity to amend or request recruitment of counsel does not necessarily mean that Moffett suffered a "meaningful impediment to his underlying claims." *Jones v. Van Lanen*, 27 F.4th 1280, 1287–88 (7th Cir. 2022). Moffett does not say that the lawsuit he was pursuing was dismissed because he could not amend his complaint, nor does he flesh out what additional claims he intended to pursue but could not because of the mail problem in August 2015. Publicly available information suggests that Moffett did not suffer an adverse consequence in an ongoing lawsuit. At that time, Moffett was proceeding in a case in the Eastern District of Wisconsin, and that court directed him to file an amended complaint by August 21, 2015. *Moffett v. Raemisch*, No. 15-cv-644, Dkt. 8 (E.D. Wis. July 22, 2015). The electronic docket of that proceeding shows that Moffett filed a letter on August 24, 2015, asking for more time to file his amended complaint. Moffett filed an amended complaint on September 2, and he filed a request for appointment of counsel two months later. *Id.*, Dkt. 12 and Dkt. 13. In early 2016, that court granted Moffett leave to proceed on his amended complaint and denied his request for appointment of counsel. *Id.*, Dkt. 14. That lawsuit ended in a settlement. Neither this publicly available information nor Moffett's allegations show that Moffett suffered any injury in an ongoing legal proceeding as a result of the improper withdrawals from his account. Therefore, Moffett fails to state an access to the courts claim.

Moffett fails to state any federal claim upon which relief can be granted so the federal claims are dismissed with prejudice. Although Moffett includes a statement in his amended complaint that defendants violated his state-law rights, a district court may decline to exercise supplemental jurisdiction over a state-law claim if "it has dismissed all claims over which is has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Moffett's state-law claims are dismissed without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Walter Moffett's motion in support of amended complaint, Dkt. 18, is GRANTED.

2. Moffett's amended complaint, Dkt. 17, is DISMISSED with prejudice with respect to Moffett's federal claims, for failure to state a claim upon which relief can be granted. Moffett's state-law claims are dismissed without prejudice because the court declines to exercise supplemental jurisdiction over the state-law claims.

3. The court will not record a strike against Moffett under 28 U.S.C. § 1915(g) because the court did not dismiss all claims in this lawsuit for one of the reasons enumerated in § 1915(g).

4. The clerk of court is directed to close this case.

Entered August 26, 2022.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge